## Case No. 14,617.

### UNITED STATES v. BOGART.

[9 Ben. 314; [1] 24 Int. Rev. Rec. 46.]

District Court, N. D. New York. Jan.. 1878.

COUNTERFEITING — UTTERING A TOKEN — COIN — CRIMINAL OFFENCE.

1. A person who passes pieces of metal. apparently gold, octagon in form, on one side of which is the device of an Indian, and on the other the inscription "¼ dollar." cannot be convicted of a crime, under section 5461 of the Revised Statutes.

2. That section does not extend to the uttering of a token which does not purport to be an imitation, or in substitution, of any coin known to the law.

[This was an indictment against James B. Bogart.]

WALLACE, District Judge. This case presents the question. whether a conviction can be sustained, under section 5461 of the Revised Statutes of the United States, where

1 [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the defendant passed certain pieces of metal, apparently gold, octagon in form, on one side of which was the device of an Indian, and on the other the inscription "¼ dollar, Cal."

The section under which the indictment is found was originally in an act passed June 8th, 1864, and entitled "An act to punish and prevent the counterfeiting of coin of the United States," and read as follows: "Every person who, except as authorized by law, makes or causes to be made, or utters or passes, or attempts to utter or pass, any coins of gold or silver or other metal, or alloys of metals, intended for the use and purpose of current money, whether in the resemblance of coins of the United States or of foreign countries, or of original design, shall be punished by a fine of not more than three thousand dollars, or by imprisonment not more than five years, or both." On first impression, this language seems sufficiently comprehensive to cover the present case; but, giving it that strict construction which is always to be applied to penal statutes, my conclusion is, that the language is satisfied by a much narrower application.

(1) The pieces of metal passed by the defendant do not purport to be coins, in the legal definition of the word, but are tokens.

(2) If it should be held that the section makes it a crime to make or utter any pieces of metal, with the intent that the pieces shall serve as a substitute for money, an offence is created which is new and foreign to the law of counterfeiting.

A coin is a piece of metal stamped and made legally current as money. A counterfeit coin is one in imitation of the genuine. The coins known to the law are those authorized to be issued from the mints of the United States, and those of foreign countries current here. The pieces in question are not in imitation of our own coin or of any foreign coin. They are calculated to impose upon the ignorant or unwary, and, if this purpose is effected. the utterer may be guilty of false pretences. If they were passed upon the sole representation that they were issued by the state of California. it is doubtful if a conviction for false pretences could be had, because every person is bound to know that the state of California cannot issue coins. If, instead of the pieces in question, the defendant had passed pieces purporting to bear the stamp of Plato's Republic, he would have been equally as guilty of a criminal offence as he now is.

One of the rules applicable to the offence of counterfeiting is, that the resemblance of the spurious to the genuine coin must be such as that it might deceive a person using ordinary caution, and a conviction cannot be had for uttering pieces of metal which are not in the likeness or similitude of genuine coins. It is not to be presumed that congress overlooked these familiar rules, when legislating "to punish and prevent the coun-

terfeiting of coin;" and the title of the act is inconsistent with the idea that an offence radically differing from that of counterfeiting was the subject of legislative consideration. Full effect can be given to the language used, without indulging in such a conclusion; and that is, by limiting it to meet cases which frequently occurred, where persons making or uttering coins which purported to be in imitation or similitude of current money of the country could not be convicted because the designs or devices were not those which the law prescribes as the devices or legends which shall be stamped upon the coin issued from the mints of the United States. These devices or legends are made by statute the authentic evidence of the genuineness of the coins. Where different ones were substituted, the utterer often escaped because the spurious coin was such that it ought not to have deceived, and, theoretically, could not have deceived, a person using ordinary prudence. The act in question remedies this difficulty, and, if the spurious piece purports to be coin of the United States, or of foreign countries, it is one within the statute, although the devices with which it is impressed are so far from a similitude to the genuine as to be of original design.

This conclusion is in harmony with the language employed, and is consistent with the nature of the offence which was the subject of legislation. It is also sustained by the several other acts of congress in pari materia. These all relate to the forging of coin in resemblance or similitude of the gold or silver coins coined or stamped at the mints of the United States, or of any foreign gold or silver coin which by law is current in the United States; and the last act of congress upon the subject, and one which was passed subsequent to the act now under consideration, is one which makes it a crime "to make, issue, or pass any coin, token, or device, in metal or its compounds, which may be intended to be used as money, for any one-cent, two-cent, three-cent, or five-cent piece now or hereafter authorized by law, or for coin of equal value"—an act which was entirely unnecessary if the one in question is to be construed as is now insisted by the counsel for the government. Under the last act a conviction could not be had for uttering a token intended to be used as money, for a four-cent piece or for a coin of equal value. No such coin is known to the coinage of the United States, and, because of this, congress did not attempt to make it an offence to utter such a token. In view of this, the latest, exposition of legislative intent, it would be unreasonable to hold that congress intended, by the former act, to make it a crime to utter a token which does not purport to be in imitation or in substitution of any coin known to the law. For these reasons the defendant must be discharged.